UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61747-CIV-ROSENBAUM

KURT S. SOTO,

    Plaintiff,

vs.

THE GALLUP ORGANIZATION, INC.,

    Defendant.

_____/

## ORDER CONSOLIDATING RELATED CASES AND APPOINTING INTERIM CO-LEAD AND CLASS COUNSEL

This matter is before the Court upon Plaintiffs Kurt S. Soto and Laurie C. Marr's Unopposed Motion for Consolidation of Related Cases and for Appointment of Interim Co-Lead and Class Counsel [ECF No. 35]. The Court has reviewed Plaintiffs' Motion and all supporting filings. For the reasons set forth below, the Court grants Plaintiffs' Motion.

### I. Background

The instant matter was filed by Plaintiff Kurt S. Soto, on behalf of himself and others similarly situated, seeking statutory damages and injunctive relief as a result of Defendant Gallup Organization, Inc.'s ("Gallup") purported violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In particular, Soto alleges that Gallup placed unsolicited telephone calls to his cellular phone using an automatic telephone dialing system as defined under the statute. ECF No. 4 at ¶¶ 13, 15. The Complaint seeks relief on behalf of a nationwide class, defining the putative class as

> (i) all persons in the United States; (ii) to whom THE GALLUP ORGANIZATION, INC. (or any affiliate) placed a telephone call;

>(iii) to said person's cellular telephone; (iv) using an automatic telephone dialing system; (v) during the four year period prior to the filing of the complaint in this action through the date of certification.

*Id.* at ¶ 17.

Following the commencement of this action, two related cases were filed in the Southern and Central Districts of California. Both cases were subsequently transferred to this Court. In the first related case, *Marr v. Gallup, Inc.*, Case No. 14-cv-20116-RSR (S.D. Fla.), Plaintiff Laurie C. Marr, on behalf of herself and others similarly situated, alleges that Defendant Gallup, Inc., called her on her cellular telephone via an automatic telephone dialing system, in violation of 47 U.S.C. § 227(b). Marr asserts that the putative class consists of

>all persons within the United States who were called from Defendants or their agents to said person's cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice who did not provide prior express consent, within the four years prior to the filing of the Complaint.

*Marr v. Gallup, Inc.*, Case No. 14-cv-20116-RSR, ECF No. 1 (S.D. Fla. Oct. 15, 2013).

In the second related case, *Fox v. Gallup, Inc.*, Case No. 14-cv-20538-RSR (S.D. Fla.), Plaintiff Ann Fox similarly contends that Defendant Gallup, Inc., placed numerous unauthorized calls to her cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1). Fox also purports to represent a class consisting of

>all persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular phone made through the use of any automatic telephone dialing system or with an artificial of prerecorded voice within the four years prior to the filing of the Complaint.

*Fox v. Gallup, Inc.*, Case No. 14-cv-20538-RSR, ECF No. 1 (S.D. Fla. Jan. 10, 2014).

In the present Motion, Plaintiffs Soto and Marr request that the Court consolidate the cases into one action, as all three lawsuits assert virtually identical factual and legal claims on behalf of

2

the same class of individuals. Plaintiffs also ask the Court to appoint as interim class counsel the law firms of Farmer Jaffe Weissing, Edwards, Fistos & Lehrman, P.L, Scott D. Owens, P.A., Bret Lusskin, P.A., the Law Offices of Douglas J. Campion, and Adler Law Group and to appoint as interim co-lead class counsel the law firms of Farmer Jaffe Weissing, Edwards, Fistos & Lehrman, P.L, and Scott D. Owens, P.A.

## II. Discussion

### A. Consolidation

Rule 42(a), Fed. R. Civ. P., governs motions to consolidate civil actions and provides,

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Rule is a "codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)). Trial judges are encouraged to "make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* (quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966)) (internal quotation marks omitted).

A court's decision to consolidate cases pursuant to Rule 42 is permissive and "vests a purely discretionary power in the district court." *Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1167 (11th Cir. 1995) (quoting *In re Air Crash Disaster*, 549 F.2d at 1013) (internal quotation marks omitted). In exercising this discretion, the Court must determine

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual

3

> and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495 (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)). The Court must also evaluate whether consolidation could lead to prejudice or confusion. *Ramsay v. Broward Cnty. Sheriff's Office*, 303 F. App'x 761, 765-66 (11th Cir. 2008) (citing *Hendrix*, 776 F.2d at 1495).

With these considerations in mind, the Court concludes that consolidation of the three putative class actions is appropriate. The complaints in all three cases present virtually identical claims for relief against the same Defendant.[1] In particular, Plaintiffs assert that Gallup placed numerous calls to their cellular telephones via an automatic telephone dialing system in violation of section 227(b)(1)(A) of the TCPA. Furthermore, Plaintiffs purport to represent the same class of individuals, namely, any person within the United States who received any telephone calls from Defendant or its agents through the use of an automatic telephone dialing system within the last four years. As the complaints present identical issues of law and fact, consolidation of these actions will promote judicial economy and prevent needless duplication of resources. Moreover, no indication exists that any prejudice or confusion will result from consolidating the cases. The Court therefore grants Plaintiffs' Motion to Consolidate.

### B. Interim Class Counsel

Under Rule 23(g)(3), Fed. R. Civ. P., a court may designate interim class counsel to act on behalf of a putative class before determining whether to certify the action as a class action. When

---

[1] Although minor differences exist in how the three cases refer to Defendant ("Gallup Organization, Inc.," versus "Gallup, Inc."), it is undisputed that the named Defendant in each case is the same party.

appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A), Fed. R. Civ. P. *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (citing *In re Air Cargo Shipping*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006)). Rule 23(g)(1)(A), in turn, provides that a district court must consider the following factors in appointing class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law, and (iv) the resources that counsel will commit to representing the class.

Having reviewed Plaintiffs' Motion and the filings submitted in support of it, the Court is satisfied that the law firms seeking appointment can properly and adequately prosecute this action. Counsel have demonstrated their extensive experience in handling class-action disputes and in litigating TCPA cases. *See* ECF Nos. 35-1, 35-2. 35-3, 38-1. In particular, Farmer Jaffe Weissing, Edwards, Fistos & Lehrman, P.L., has served as class counsel in numerous class-action cases that have been certified in both federal and state court; Scott D. Owens has vast experience in the area of consumer-protection litigation and has litigated a multitude of TCPA cases; Douglas Campion has served as lead and co-lead counsel in several TCPA and other class actions, and E. Elliot Adler has litigated and served as co-lead counsel in TCPA class actions. The Court therefore appoints the law firms of Farmer Jaffe Weissing, Edwards, Fistos & Lehrman, P.L, Scott D. Owens, P.A., Bret Lusskin, P.A., the Law Offices of Douglas J. Campion, and Adler Law Group as interim class counsel and Farmer Jaffe Weissing, Edwards, Fistos & Lehrman, P.L, and Scott D. Owens, P.A. as interim co-lead class counsel.

### III. Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Unopposed Motion for Consolidation of Related Cases and for Appointment of Interim Co-Lead and

Class Counsel [ECF No. 35] is **GRANTED** as set forth herein. *Soto v. The Gallup Organization, Inc.*, Case No. 13-61747-CV-ROSENBAUM, *Marr v. Gallup, Inc.*, Case No. 14-20116-CV-ROSENBAUM, and *Fox v. Gallup, Inc.*, Case No. 14-20538-CV-ROSENBAUM are hereby **CONSOLIDATED** into one action. The three cases shall proceed under Case No. 13-61747-CV-ROSENBAUM. All pleadings filed hereafter shall bear the Case No. 13-61747-CV-ROSENBAUM, and no pleadings, motions, or other matters shall be filed in either Case No. 14-20116-CV-ROSENBAUM or Case No. 14-20538-CV-ROSENBAUM. All future filings shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 13-61747-CIV-ROSENBAUM**

KURT S. SOTO, an individual, on behalf of
himself and all others similarly situated,

    Plaintiff,

vs.

THE GALLUP ORGANIZATION, INC.,

    Defendant.
_____/

LAURIE C. MARR, on behalf of herself and all
others similarly situated,

    Plaintiff,

vs.

GALLUP, INC.,

    Defendant.
_____/

ANN FOX, individually and on behalf of all others
similarly situated,

6

    Plaintiff,

vs.

GALLUP, INC.

    Defendant.
_____/

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 3rd day of April 2014.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record