UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61747-CIV-ROSENBAUM

| | |
|---|---|
| KURT S. SOTO, an individual, on behalf of himself and all others similarly situated, | **CLASS ACTION** |
| Plaintiff, | **DECLARATION OF GLEN KALLHOFF IN SUPPORT OF DEFENDANT'S MOTION TO STAY THE ACTION** |
| vs. | |
| THE GALLUP ORGANIZATION, INC., a Delaware corporation, | Honorable Robin S. Rosenbaum |
| Defendant.                    / | |
| LAURIE C. MARR, on behalf of herself and all others similarly situated, | |
| Plaintiff, | |
| vs. | |
| GALLUP, INC., a Delaware corporation, | |
| Defendant.                    / | |
| ANN FOX, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| vs. | |
| GALLUP, INC., a Delaware corporation, | |
| Defendant.                    / | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KURT S. SOTO, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE GALLUP ORGANIZATION, INC., a Delaware corporation,<br><br>Defendant. | Case No. 0:13-CV-61747-RSR<br><br>**CLASS ACTION**<br><br>**DECLARATION OF GLEN KALLHOFF IN SUPPORT OF DEFENDANT'S MOTION TO STAY THE ACTION**<br><br>Honorable Robin S. Rosenbaum |

I, Glen Kallhoff, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Senior Systems Administrator at Gallup, Inc. ("Gallup"). I make this declaration based upon personal knowledge. If called to testify as to the contents of this declaration, I could and would competently do so.

2. Gallup is a consulting and polling company that has gathered the opinions of individuals worldwide on a wide array of topics since 1935, including people's attitudes regarding current events, politics, well-being and other world issues. The calls at issue in this case were made by Gallup for the purpose of conducting public opinion research.

3. The dialing equipment utilized by Gallup ("Gallup's Dialing System") to make such calls during the relevant time frame for this litigation did not store or produce telephone numbers to be called using a random or sequential number generator and the equipment did not dial random or sequential phone numbers.

4. Further, Gallup's Dialing System lacked the current capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

5.      Indeed, Gallup's Dialing System could only dial phone numbers that were specifically downloaded into the calling technology.

6.      Additionally, Gallup's Dialing System did not have the ability to dial cell phone numbers without human intervention. Specifically, Gallup's Dialing System could not generate a cell phone call unless a person manually pressed a button on his or her keyboard to signal that he or she was ready to make a call. Without a person pressing the button to initiate a call, no call could be made.

I declare under penalty of perjury under the laws of the State of Florida and the United States that the foregoing is true and correct.

Executed on the 31st day of March, 2014, Omaha, Nebraska.

_____
Glen Kallhoff