UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:13-cv-22751-UU

ANGELA LARDNER,

    Plaintiff,

v.

DIVERSIFIED CONSULSTANT
INC., *et al.*,

    Defendants.
_____/

## **ORDER**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss and/or Motion to Stay Case Pending FCC's Declaratory Ruling, D.E. 39, filed on March 17, 2014. Plaintiff filed her Response, D.E. 45, on April 3, 2014, and Defendant filed a Reply, D.E. 46, on April 10, 2014. Accordingly, this matter is now ripe for disposition.

THE COURT has considered the Complaint and pertinent portions of the record, and is otherwise fully advised of the premises. Defendant argues that the instant action must be stayed under the primary jurisdiction doctrine or the Court's inherent power to stay the action because, it argues, the FCC may imminently rule on issues that would directly address the majority of Plaintiff's claims. D.E. 39. Specifically, Defendant argues that the FCC will resolve (1) whether the TCPA applies to non-telemarketing calling activity; and (2) whether the dialing equipment must have a current capacity to generate and dial random or sequential numbers to be an automatic telephone dialing system. Plaintiff responds that the FCC proceedings "will not change the outcome of this case, and are wholly duplicative of two previous FCC petitions that

1

were resolved in Plaintiff's favor." D.E. 45 at 2. For the reasons set forth below, the Court agrees with Plaintiff and thus denies Defendant's Motion.

The doctrine of primary jurisdiction applies where a claim is properly brought in a court, but it requires the resolution of issues that have "been placed within the special competence of an administrative body." *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 64 (1956). If this occurs, the "judicial process is suspended pending referral of such issues to the administrative body for its views." *Id.* The "main justifications for the rule of primary jurisdiction are the expertise of the agency deferred to and the need for a uniform interpretation of a statute or regulation." *Boyes v. Shell Oil Prods. Co.*, 199 F.3d 1260, 1265 (11th Cir. 2000). There is no fixed formula for applying the doctrine of primary jurisdiction; a court must determine whether purposes of the doctrine are best served in the particular litigation. *Miss. Power & Light Co. v. United Gas Pipeline Co.*, 532 F.2d 412, 419 (5th Cir. 1976). A court "should be reluctant to invoke the doctrine of primary jurisdiction" because it may "result[] in added expense and delay to the litigants." *Id.*

The Court does not find the purposes of the doctrine of primary jurisdiction apply in the instant action. The FCC has already decided the issues that Defendant argues need to be resolved. The FCC, in its 2008 Order, ruled that 47 U.S.C. § 227(b)(1)(A)(iii), the statutory provision that Plaintiff's claim arises under, applies to non-telemarketing activity and the FCC specifically applied the TCPA to debt collectors. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2008 WL 65485, 23 F.C.C.R. 559 ¶¶ 11, 14 (Fed. Commc'n Cmm'n Jan. 4, 2008). The FCC has also ruled, and subsequently affirmed its ruling, that automated dialing systems that dial telephone numbers from a list of

numbers constitute an "ATDS" under the TCPA. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517853, 18 F.C.C.R. 14014 ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003); 23 F.C.C.R. 559 ¶ 12. Therefore, as other district courts have recognized when addressing Defendant's argument, this action should not be stayed or dismissed under the primary jurisdiction doctrine. *See Swope v. Credit Mgmt., LP*, No. 4:12CV832, 2013 WL 607830, at *4 (E.D. Mo. Feb. 19, 2013); *Echevarria v. Diversified Consultants*, No. 13 CIV. 4980, 2014 WL 1378081 (S.D.N.Y. Mar. 24, 2014). Accordingly, it is

ORDERED AND ADJUDGED that the Motion, D.E. 39, is DENIED.

DONE AND ORDERED in Miami, Florida this 28th day of April, 2014.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record