UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61747-CIV-ROSENBAUM

| | |
|---|---|
| KURT S. SOTO, an individual, on behalf of himself and all others similarly situated, | **CLASS ACTION** |
| Plaintiff, | **DEFENDANT GALLUP, INC.'S RESPONSE TO PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY** |
| vs. | |
| THE GALLUP ORGANIZATION, INC., a Delaware corporation, | Honorable Robin S. Rosenbaum |
| Defendant.                                    / | |
| LAURIE C. MARR, on behalf of herself and all others similarly situated, | |
| Plaintiff, | |
| vs. | |
| GALLUP, INC., a Delaware corporation, | |
| Defendant.                                    / | |
| ANN FOX, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| vs. | |
| GALLUP, INC., a Delaware corporation, | |
| Defendant.                                    / | |

**DEFENDANT GALLUP, INC.'S RESPONSE TO
PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY**

Defendant Gallup, Inc. ("Gallup") hereby responds to "Plaintiffs' Notices of Filing Supplemental Authority Support of Plaintiffs' Request to Deny Defendant's Motion for Stay Pursuant to the Primary Jurisdiction Doctrine" (Documents #45 and #46)(hereinafter the

"Supplemental Authority"). As set forth below, the Supplemental Authority is both procedurally improper and substantively irrelevant to Gallup's pending Motion to Stay.

**1. Plaintiff's Supplemental Authority Should Be Stricken Because It is Procedurally Improper**

Gallup requests that the Supplemental Authority be stricken for failure to comply with the Local Rules. Specifically, Local Rule 7.1(c) states in relevant part:

> The movant may, within seven (7) days after service of an opposing memorandum of law, serve a reply memorandum in support of the motion, which reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law. No further or additional memoranda of law shall be filed without prior leave of Court. All materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with filing.

Here, Gallup filed its Motion to Stay on April 3, 2014 (Document #40), Plaintiff filed his response to the Motion to Stay on April 29, 2014 (the "Response") (Document #43), and on May 8, 2014, Gallup served its Reply in support of the Motion to Stay (Document #44). Although briefing on the Motion to Stay was closed, Plaintiff submitted his Supplemental Authority without obtaining prior leave of court and in contravention of Local Rule 7.1(c). For this reason alone, Plaintiff's Supplemental Authority should be stricken.

The Supplemental Authority is also procedurally improper because it raises entirely new arguments that were never addressed in either Gallup's Motion to Stay or Plaintiff's Response. Specifically, Gallup's Motion to Stay focused on the questions of current capacity and human intervention pending before the FCC, and Plaintiff's Response focused only on whether additional discovery was needed regarding the current capacity of Gallup's dialing equipment for random or sequential number generation. Nowhere in the briefing did either party address the matters raised in the Supplemental Authority regarding use of an artificial or prerecorded voice or the use of predictive dialers in alleged violation of the TCPA. Thus, Plaintiff's Supplemental

Authority is an improper attempt to make new arguments after the time to file an opposition has expired.  *See* Local Rule 7.1(c) (requiring opposing memoranda to be served no later than 14 days after service of the motion).  In any event, as discussed below, the Supplemental Authority has no bearing on the pending Motion to Stay.

2. **Plaintiff's Supplemental Authority is Irrelevant to Gallup's Motion to Stay**

In addition to being procedurally improper, the Supplemental Authority is substantively irrelevant to the merits of Gallup's Motion to Stay.  Relying on the first Supplemental Authority, Plaintiff argues that this action should not be stayed because Plaintiff has alleged that Gallup used an artificial or prerecorded voice to place calls to him (in addition to using an automated telephone dialing system) and none of the FCC petitions cited by Gallup involve issues regarding artificial or prerecorded voice messages.  Therefore, according to Plaintiff, this case does not fall under the purview of those FCC petitions.

Plaintiff's argument, however, conveniently ignores the fact that Gallup verified under oath that it does ***not*** use an artificial or prerecorded voice to place outgoing calls for polling purposes; rather, such calls are conducted by live associates.  Indeed, the discovery responses attached to Plaintiff's Response confirm this fact.  *See* Response at Exhibit C (Gallup's responses to Plaintiff's Interrogatory Numbers 7, 8, 16 [responding that the calls made to Plaintiff and all other calls made for polling purposes are conducted by a live associate and are not conducted using an artificial or prerecorded voice]); *see also* Response at Exhibit B (Gallup's responses to Plaintiff's Request for Admissions Numbers 32, 33, 34, 35 [denying using an artificial or prerecorded voice to place outgoing calls]).  Thus, the issues framed by the Supplemental Authority regarding artificial or prerecorded voice messages are irrelevant to this case and Gallup's pending Motion to Stay.  *See U.S. V. Western Pac. R. Co.,* 352 U.S. 59, 64 (1956) (holding that the relevant inquiry in deciding to stay litigation pursuant to the primary

jurisdiction doctrine is whether "enforcement of [plaintiff's] claim requires resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative agency").

Likewise, Plaintiff's reliance on the second Supplemental Authority is misplaced. In that ruling, the *Lardner* court denied the defendant's motion to stay stating that the FCC had already ruled "that automated dialing systems that dial telephone numbers from a list of numbers constitute an 'ATDS' under the TCPA." *See* Document #46, at Exhibit B, pp. 2-3.  In so ruling, the court relied on the FCC's 2003 and 2008 Orders regarding the TCPA. *See Id.*  Yet in the 2003 and 2008 Orders, the FCC did not actually hold that any type of system that dials from a list of numbers constitutes an ATDS; instead it held more narrowly that "**predictive dialers**" fall within the statutory definition of an ATDS.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* (2003) ("2003 Order") at ¶ 133; *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* (2008) ("2008 Order") ¶ 12.   Furthermore, the FCC defined a predictive dialer as "having the capacity to dial numbers without human intervention" and equipment that "assists telemarketers in predicting when a sales agent will be available to take calls."  2003 Order at ¶¶ 131, 132.   Thus, the *Lardner* court's order denying the defendant's motion to stay does not support the proposition that *any* system that dials from a list constitutes an ATDS, as Plaintiff here attempts to argue.

Additionally, Gallup's equipment requires human intervention before a call can be placed to a cellular telephone.  *See* Kalhoff Decl. ¶ 6; *see also* 2003 Order at ¶ 131.  The issue of whether a call that is placed with equipment that requires human intervention constitutes a call made using an ATDS is the precise question that is pending before the FCC, as set forth in

- 4 -

Gallup's Motion to Stay, and this question was not addressed in the Supplemental Authority submitted by Plaintiff. Thus, the holding by the court in the *Lardner* case is simply inapplicable to the pending Motion to Stay.

Again, Gallup's Motion to Stay identifies two issues pending before the FCC that will directly affect the adjudication of Plaintiff's TCPA claim against Gallup in this case. The first is whether dialing equipment must have the "current" versus "theoretical" capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers, and the second is whether the definition of an autodialed call under the TCPA excludes those calls that require "human intervention" before a call can be placed. Neither of these questions have yet been answered by the FCC, and the Supplemental Authority submitted by Plaintiff has no bearing on either issue.

**3.    Conclusion**

For the foregoing reasons, Gallup requests that Plaintiff's Supplemental Authority be stricken. In the event the Court declines to strike the Supplemental Authority, Gallup separately contends that Plaintiff's Supplemental Authority does not affect the merits of Gallup's Motion to Stay for the reasons set forth above. Gallup further requests that its Motion to Stay be granted and that Plaintiff's request that the Motion to Stay be denied without prejudice or stayed pending further discovery be denied for the reasons set forth in Gallup's Reply (Document #44).

Respectfully submitted,

/s/ Dora F. Kaufman
J. RANDOLPH LIEBLER
Florida Bar No. 507954
Email: jrl@lgplaw.com
DORA F. KAUFMAN
Florida Bar No. 771244
E-mail: dfk@lgplaw.com
Attorneys for The Gallup Organization, Inc.
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor

        44 West Flagler Street
Miami, FL 33130
Telephone:  (305) 379-0400
Facsimile:  (305) 379-9626

Felicia Yu, Esq.
fyu@reedsmith.com
Raagini Shah, Esq.
rshah@reedsmith.com
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel.  213-457-8000
*(Admitted Pro Hac Vice)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2014, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served on all counsel of record listed on the service list below via CM/ECF.

/s/ Dora F. Kaufman
DORA F. KAUFMAN

**SERVICE LIST**

Scott D. Owens, Esq.
Florida Bar No. 0597651
644 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Telephone: 954-589-0588
Facsimile: 954-337-0666
Email:  scott@scottdowens.com

Steven R. Jaffe (Florida Bar No. 390770)
Email: steve@pathtojustice.com
Seth M. Lehrman (Florida Bar No. 132896)
Email: seth@pathtojustice.com
Mark S. Fistos (Florida Bar No. 909191)
Email: mark@pathtojustice.com
FARMER, JAFFE, WEISSING, EDWARDS FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822

Douglas J. Campion, Esq.
LAW OFFICES OF DOUGLAS J. CAMPION, APC
409 Camino Del Rio South, Suite 303

Bret L. Lusskin, Esq.
Florida Bar No. 28069
1001 North Federal Highway, Suite 106
Hallandale Beach, FL 33009
Telephone:  954-454-5841
Facsimile: 954-454-5844
Email:  Blusskin@lusskinlaw.com

Todd M. Friedman, Esq.
Nicholas J. Bontrager, Esq.
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Drive, #415
Beverly Hills, CA 90211
Telephone:  (877) 206-4741
Facsimile:   (866) 633-0228
Email   tfriedman@attorneysforconsumers.com
            nbontrager@attorneysforconsumers.com

Abbas Kazerounian, Esq.
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:  (800) 400-6808
Facsimile:   (800) 520-5523

San Diego, CA 92018
Telephone:  (619) 299-2091
Facsimile:  (619) 858-0034
E-mail:  doug@djcampion.com

E. Elliott Adler, Esq.
ADLER LAW GROUP, APLC
402 W. Broadway, Suite 860
San Diego, CA 92101
Telephone: (619)531-8700
Facsimile:  (619)342-9600

Email: ak@kazlg.com

Joshua B. Swigart, Esq.
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone:  (619) 233-7770
Facsimile:   (619) 297-1022
Email: josh@westcoastlitigation.com